TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-08-00131-CR






Anthony Perez, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT

NO. D-1-DC-07-904088, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING




O R D E R



 Anthony Perez seeks to appeal from a judgment of conviction for burglary of a
habitation, with the punishment range enhanced by two prior felony convictions. In our original
opinion, dated June 6, 2008, we dismissed Perez's appeal because the trial court certification in the
record stated that this is a plea bargain case and that Perez has no right of appeal.

 Unbeknownst to this Court, the trial court had signed an amended certification
permitting Perez to appeal "matters raised in the motion for new trial, overruled by operation of
law." However, Perez's attorney had been unable to locate Perez to get him to countersign the
amended certification. Perez asserts in his motion for new trial that his attorney located him in the
prison system on June 7, 2008. Perez signed the amended certification, filed it with the trial court
clerk, filed his First Amended Motion for Rehearing (1) attaching a copy of the amended certification,
and filed a supplemental clerk's record containing the amended certification.

 In its response, the State asserts that, although our original opinion was correct based
on the record then existing, the amended certification was timely and permits a limited appeal. The
State concurs with Perez's motion for rehearing.

 Based on the amended certification of right to appeal, appellant now has a right to
appeal matters raised in his motion for new trial. Perez's First Amended Motion for Rehearing is
granted. (2) We withdraw our opinion and judgment of June 6, 2008, and reinstate this appeal. 
Appellant's brief is due September 2, 2008.

 Ordered July 29, 2008.



 __________________________________________

 G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Do Not Publish

1. When Perez's original motion for rehearing was filed, he had not yet countersigned the
amended certification and it had not been filed with the trial court.
2. Perez's original motion for rehearing is dismissed as moot.